DROWOTA, Justice,
concurring and dissenting.
The majority holds that a sobriety roadblock is valid under the Tennessee Constitution so long as it is established and operated in accordance with predetermined guidelines and supervisory authority that minimize the risk of arbitrary intrusions on individuals and limit the discretion of law enforcement officers at the scene. According to the majority, matters which must be determined by prior administrative action to validate a sobriety roadblock include, the decision to hold the roadblock, the selection of the time and place for the roadblock, and the designation of which vehicles will be stopped. Considering those factors, the majority concludes that the sobriety roadblock in this case was constitutionally infirm because an officer in the field, rather than administrative personnel, made the decision to set up the roadblock and selected the site and time for its operation.
I agree with the majority as to the general principles of law governing a sobriety roadblock. To be constitutionally valid, a sobriety roadblock must be established and conducted in accordance with a prefixed, objective plan which limits unfettered police discretion and minimizes the risk of arbitrary intrusions. I write separately to express my disagreement with the majority’s conclusion that the roadblock in this case lacked administrative oversight and, therefore, was constitutionally infirm.
The facts of this case are permeated with administrative oversight. Although he may have been on patrol that day, Lt. Hill was not simply an officer in the field who arbitrarily decided to have a roadblock. That Lt. Hill had obtained prior administrative approval to conduct a roadblock on August 8, 1992, at 12:00 a.m., on Hixson Pike, in Hamilton County, Tennessee, is evidenced by the fact that, in addition to the Tennessee Highway Patrol, three different law enforcement agencies participated in the roadblock — the Chattanooga Police Department DUI task force, the Hamilton County DUI task force, and auxiliary officers of the Hamilton County Sheriff’s Department. Certainly, it was advance planning and not mere coincidence which brought four different groups of law enforcement officials together on the same day, at the same time, and at the same location to conduct a roadblock. The majority characterizes the absence of publicity surrounding this roadblock as evidence of the lack of administrative or supervisory decision making. While it is feasible to conclude, as did the majority, that prior publicity of a sobriety roadblock is a deterrent to potential drunk drivers, another equally feasible conclusion is that the risk of being arrested at an unpublicized sobriety roadblock is also a deterrent to potential drunk drivers. Such being the case, the majority’s characterization of absence of prior publicity as evidence of a lack of administrative decision making is merely speculation, since administrative officials legitimately could have decided that an *113 unpublieized roadblock would have a greater deterrent effect.[1]
The majority opinion acknowledges that the roadblock otherwise complied with constitutional standards. The officers stopped all cars traveling in both directions; when the traffic became congested, motorists were permitted to pass through the roadblock; the discretion of individual officers at the scene was limited; safety measures were taken to warn approaching ears of the roadblock; the site selected for the roadblock was visible; and the procedure used for the roadblock was safe, involving uniformed police officers and marked patrol cars, with flashing blue lights. Because the facts of this case support the conclusion that Lt. Hill had obtained prior administrative approval to conduct the roadblock, and because this roadblock was conducted in a manner which limited unfettered police discretion and minimized arbitrary intrusions, the roadblock, in my view, complied with constitutional standards.
Therefore, I respectfully dissent from the majority’s decision and would reverse the Court of Criminal Appeals’ judgment and affirm the trial court’s denial of the defendant’s motion to suppress.

. While the majority concludes that prior publicity advances the deterrent goal of sobriety roadblocks, I do not understand the majority to hold that publicity is constitutionally required to sustain the validity of a roadblock.